United States District Court

Western District Of New York

..........................................................x    26 CV 6053

Michael J. Hill,                                             26-cv-

Eddie Pugh,                                          Affirmed Verified

Karen Pittman,                                        42 USC 1983

                    Plaintiffs,                       COMPLAINT

        VS.

Sergio Vasquez, Parole Officer,

T. Gillis, Parole Officer,

                Montesano, Parole

Nicole Heary, Administrative law judge,

Diane Vitello, City court judge,

Amber Poulos, Assistant District Attorney,

            Bailey, Parole Officer,

Ian Sitek, Police Officer,

Travis Maggard, Police Officer,

Maria Faso, Police Officer,

Michael J. Filicetti, Sheriff,

Jeff Grzeskowiak, Police officer,

Nicholas Ligammari, police officer,

Alexander Basinski, Public defender,

Daniel F. Martuscello III                          , Commissioner of Doccs,

Darryl C. TOWNS                          , Commissioner of Doccs,

Defendants.

...............................................................................x

The plaintiffs, Michael J. Hill, Karen Pittman and Eddie Pugh duly sworn, does hereby affirm under the penalties of perjury pursuant to 28 USC 1746, that the below stated is true and accurate so help us GOD:


## I. Jurisdiction & Venue:

1. This is a civil rights action being brought under 42 USC 1983, seeking to redress injuries and constitutional violations by State agents.

2. This court has jurisdiction over this action pursuant to 28 USC 1331 & 1343 (a)(1) and (4), and 28 USC 2201 & 2202.

3. The Venue of this action is 28 USC 1391 (b), because the events giving rise to this action transpired within the city of

Niagara Falls New York, which is in the County of Niagara and is within the Western District of New York.

## II. Parties to this action:

4. **Name of plaintiff: Michael J. Hill**

**Current residence: 311 38th Street, Niagara Falls, New York 14303**

5. **Name of plaintiff:** Karen Pittman

**Current residence:** 311 38th Street, Niagara Falls, New York 14303

6. **Name of plaintiff:** Eddie Pugh

**Current residence:** P.o. box 246231, Pembroke pines, FL 33024

7. **Name of defendant: Sergio Vasquez**

**Official position:** Parole Officer

**Sued in:** individual capacity

**Address:** 1905 Buffalo Avenue, Niagara Falls, NY 14303

8. **Name of defendant:**  T. Gillis

**Official position:** Parole officer/ supervisor

**Sued in:**  **individual capacity**

**Address: 1905 Buffalo Avenue, Niagara Falls, NY 14303**

9. **Name of defendant:** Robert Montesano

**Official position:** Parole revocation specialist

**Sued in:** individual capacity

**Address:** 1905 Buffalo Avenue, Niagara Falls, NY 14303

10. **Name of defendant:** Nicole Heary

**Official position:** Administrative law judge

**Sued in:** individual & official capacity

**Address:** 1925 Main street, Niagara Falls, NY 14301

11. **Name of defendant:** Diane Vitello

**Official position:** City Court Judge

**Sued in:** individual capacity

**Address:** 1925 Main Street, Niagara Falls, NY 14301

12. **Name of defendant:** Amber Poulos

**Official position:** Assistant District Attorney

**Sued in:** individual capacity

**Address:** 1925 Main street, Niagara Falls, NY 14301

13. **Name of defendant:**         Bailey

**Official position:** Parole officer

**Sued in:** individual capacity

**Address:** 1905 Buffalo Avenue, Niagara Falls, NY 14303

14. **Name of defendant:** Ian Sitek

**Official position:** Police officer

**Sued in:** individual capacity

**Address:** 1925 Main Street, Niagara Falls, NY 14301

15. **Name of defendant:** Travis Maggard

**Official position:** police officer

**Sued in:** Individual capacity

**Address:** 1925 Main Street, Niagara Falls, NY 14301

16.**Name of defendant:** Maria Faso

**Official position:** police officer

**Sued in:** individual capacity

**Address:** 1925 main street, Niagara Falls, NY 14301

17. **Name of defendant:** Michael J. Filicetti

**Official position:** Sheriff of Niagara County

**Sued in :** individual capacity

**Address:** P.o. box 496, Lockport, NY 14095

18. **Name of defendant:** Jeff Grzeskowiak

**Official position:** police officer

**Sued in:** individual capacity

**Address**: 1925 main street, Niagara Falls, NY 14301

19. **Name of defendant:** Nicholas Ligammari

**Official position:** police officer

**Sued in:** individual capacity

**Address:** 1925 main street, Niagara Falls, NY 14301

20. **Name of defendant:** Daniel Martuscello

**Official position:** Commissioner of Doccs

**Sued in:** Individual and official capacity

**Address:** 1220 Washington Ave, Harriman campus bldg. #2, Albany, NY 12226

21. **Name of defendant:** Darryl C. Towns

**Official position:** Chairman board of parole

**Sued in:** Individual and official capacity

**Address:** 1220 Washington Ave, Harriman campus bldg.#2, Albany, NY 12226

22. **Name of defendant:** Alexander Basinski

**Official position:** Public defender

**Sued in:** Individual & official capacity

**Address:**

170 East Avenue, Lockport, NY 14094

## III. Statement of facts:

23. On or about July 17,2024, Sergio Vasquez filed a false violation report accusing the plaintiff Michael J. Hill of committing several crimes that he did not commit. See, Exhibit __, __.

24. Defendants Vasquez, Maggard, Faso, T. Gillis alleged falsely in criminal reports and parole violation papers, that on or about July 17, 2024, the plaintiff Michael J. Hill violated penal laws 205.30, 195.05, 714.02(1) and 220.09 arrested him and forced him to undergo criminal trials and violation hearings on these false charges. See, Exhibit, _____.

25. Defendants Vasquez, Gillis, Bailey, Montesano and Nicole Heary deliberately exercised indifference where they withheld (FOIL) requested **"BRADY MATERIALS" that the** *plaintiffs* Michael Hill, Karen Pittman and Eddie Pugh sought during the trial and parole violation proceedings.

26. Defendants personally told Mr. Hill, Ms. Pittman, and Mr. Pugh that they were providing the materials regardless of what the law mandated. This material included:

(a) Complaints lodged against Elton T. Carr, Sr. For stalking and threatening to kill the plaintiff's daughter Shaquina S. Hill.

(b) Chain of custody of confiscated drugs

(c) 911 call transcripts, and audio of call that caused the July 17,2024 arrest.

26. Defendants Vasquez, Gillis, Bailey, Montesano and Heary did deliberately use parole supervision status as a means to slander Mr. Hill, and did prevent him from associating with his uncle Eddie Pugh, who sought to sign Mr. Hill to a music contract for recording company ("Ourturn Records"), as well as from traveling to join the *God's Family Church* by allowing Mr. Hill to visit his uncle Eddie Pugh in Florida to be baptized.

27. Defendants did slander Mr. Hill by punishing him on charges they knew to be false, such as possession of fentanyl substance, obstructing government administration and possessing an open bottle liquor in public, which all said charges were dismissed in city court with prejudice. See, Exhibit __.

28. Defendants Vasquez, Gillis, Bailey, Montesano, Heary, and Travis Maggard did with reckless disregard for the truth, and the constitution retaliated against Mr. Hill for him filing citizens' complaints, grievances and due to him seeking to press criminal charges against these defendants. They did so by interfering with Eddie Pugh and Michael Hill signing of recording contract and prevent Mr. Hill from joining GOD's FAMILY CHRUCH.

29. Defendants Vasquez, Montesano, Bailey, Heary, Maggard, and Sheriff Filicetti personnel raided the plaintiff's Karen Pittman's home, breaking down the front door, and using force

by forcing their way into the home without a valid warrant and using force to arrest the plaintiff Mr. Hill.

30. Defendant Poulos exercised direct indifference where she filed false criminal charges against Mr. Hill and did join in on the attack of Ms. Pittman's home to falsely arrest Mr. Hill without a warrant.

31. Poulos sanctioned Maggard and the parole defendants to break down the front door to Pittman's and arrest the plaintiff Michael Hill without a lawful warrant and use unnecessary and excessive force to do so.

32. Defendants Maggard, Vasquez, Bailey, Gillis, Montesano, Heary and Michael J. Filicetti did on March 31, 2025, invade the plaintiffs home breaking down the front- door alleging they were doing so based on a parole hearing held on December 19,2024, to which no written decision was rendered in a timely fashion as mandated by executive law.

33. Defendant Alex Basinski acted with a criminal reckless mind state by conspiring with state agents within the board of parole office, and commissioner's office of Doccs where the state agents continued to refuse to accept parole appeals submitted pro-se by the plaintiffs, indicating he had been assigned Balinski from the public defender's office who had been mandated to file a timely parole appeal on the plaintiffs behalf detailing the

constitutional violations which he was unlawfully confined upon.

34. Defendant Balinski examined all the parole paper, transcripts from parole hearings, the lack of arrest warrant in parole custody, and swore to the plaintiffs that he would timely submit plaintiffs appeal and speak to the parole revocations specialist, and after speaking to the parole parties this defendant did not submit Mr. Hill's appeal, and when a conflict arose between himself and the plaintiffs he alleged he would file a letter withdrawing from the case, so that a conflict attorney Charles Greenberg could properly perfect the appeal prior to the deadline, but Balinski did not do so, he caused the plaintiff to be confined unlawfully for 6 months, and then still upon his release refused to file the appeal causing Mr. Hill to have to do extra time on parole supervision – he only signed off the case after Mr. Hill was informed by parole officers that he had completed the extra term of supervision and did not have to report any more due to the *Thanksgivings* holiday between his final report date which according to parole was December 1,2025, See Exhibit __.

## Iv. Causes of action:

34. **First cause of action**: Denial of right to due process at a revocation hearing and double jeopardy violation

35.Defendants Nicole Heary administrative law judge exercised deliberate indifference where she acted without jurisdiction over charges and issues presented to her by state agents, against the plaintiffs:

[a] Nicole Heary presided over criminal charges raised in violation papers and sworn to by parole officers she knew had intentionally made false statements to retaliate against Mr. Hill and have him unlawfully confined on those charges which were dismissed with prejudice in a criminal court depriving her of any power to preside over them. See, Exhibit __.

[b] Nicole Heary accepted Mental health information provided by a third-party defendant Montesano and refused plaintiffs requests to produce the mental health personnel who allegedly made the evaluation attested to by the third-party and did take away plaintiff's right to represent himself based on the false presentation of Mr. Hill having a 72  i.Q. and inability to comprehend the English language and represent himself. See Exhibit __.

[c] Nicole Heary, according to the mandated executive law, had 90 days to run and complete plaintiff's final revocation hearing, to which she deliberately did not do. Mr. Hill was charged with his parole supervision violation on July 17, 2024, and began his preliminary hearing on November 7, 2024, and then started and finished the final revocation hearing on December 19,2024,

with no written decision being rendered until March 31, 2025. See exhibit __.

[d] Nicole Heary intentionally presided over charges she knew that had been dismissed with prejudice stating that she and parole had the power to pursue whatever issues they believed necessary even if dismissed in criminal court, and she did pursue the following charges that were dismissed against Mr. Hill : (1) Obstruction of governmental justice penal law 195.05, (2) possession of an open bottle of liquor in public 714.02, and (3) possession of drugs fentanyl penal law 220.05. See Exhibit __.

36. Defendant Montesano, Vasquez, Gillis, Bailey, Maggard, Filicetti acted with indifference where they falsely reported that Mr. Hill had underwent a final revocation at Niagara County Jail with a final decision being rendered on December 19,2024, to which the defendants knew was a false statements that they documented in government records solely for the purpose of unlawfully incarcerating Mr. Hill to keep him away from his family and career.

37. Defendants Maggard, Vasquez, Heary, Montesano, Gillis and others filed false vague criminal reports alleging that the plaintiff Michael Hill was drinking alcohol from an open bottle in public and when arrested was found to possess fentanyl.

However, all the charges were dismissed with prejudice except resisting arrest, still prosecuting these false allegations.

38. The only evidence that the defendants Heary, Montesano, Vasquez, Maggard, Faso, Gillis and others presented during the proceedings was criminal charges and parole violation reports which were constitutionally vague and based upon clearly false statements. The defendants refused the plaintiffs reasonable requests to obtain documentary evidence and witnesses to present a defense according to the provision stated in Executive law 259-i.

39. As a result of the defendants actions the plaintiffs suffered the defendants raiding plaintiff Pittman's home breaking the front door down, using force to arrest Mr. Hill on a parole violation with no warrant and the decision being rendered March 31, 2025, although the final hearing had been completed December 19,2024. The plaintiff suffered being incarcerated in Niagara County jail from March 31, 2025, until September 20,2025, and then being held at Elmira Correctional facility until October 1, 2025, with extra days being added to his incarcerated time, and extra time being added to his supervision based upon the dismissed charges. See, exhibit __.

40. **Second cause of action:** Public Defender Alexander Basinski, Commissioners of DOCCS Martuscello,

Chairman of the board of parole Towns and other agents did conspire to keep the plaintiffs away from each other, preventing them from aspiring to contract in music deals by unlawfully incarcerating the plaintiff on false charges and refusing to accept and file his timely appeal of the revocation hearing and actions of state agents to add additional time to plaintiff's sentence. See Exhibit ___.

41. The plaintiff Mr. Hill filed a timely notice of appeal on April 1,2025, to the parole decision rendered March 31,2025, with the defendants Commissioners Martuscello, Towns and others

Returning his appeal paper on two occasions stating that the plaintiff had been assigned an attorney to submit his appeal by no later than October 7, 2025, although Mr. Hill parole supervision would be completed in full on September 30,2025, Still Basinski did not file or submit any appeal papers. See Exhibit __.

42.  Defendant Basinski exercised indifference where he had visited Mr. Hill at Niagara County went over parole hearing transcripts with him, reviewed documents and understood that Mr. Hill's rights had been violated in a major way at the parole revocation hearing and during his arrest, to which Balinski indicated he understood and would address the illegality of these circumstances to regain the plaintiff's liberty – but after speaking with the parole revocation specialist the defendant

refused to file appeal papers and allowed a conflict to arise and stay present from June 30,2025, to November 25,2025, when he finally contacted the parole appeal agents verifying that he was removing himself from counsel of record due to the conflict of interest and advised conflict attorney Charles Greenberg of as much.

43. Defendant Basinski knew that by not contacting the appeal unit and court to remove himself due to the conflict of interest that was found by himself and his supervisors, he did deliberately prevent Mr. Hill's appeal from timely going forward while he was in custody illegality and on supervision that had ended, but was extended due to his actions.

44. As a result of the defendants actions the plaintiff was caused to remain in custody of Niagara County jail and then Doccs at Elmira Correctional Facility based on double jeopardy violations, untimely final revocation parole decision rendered, with extra time in prison added, and extra time on supervision added with the defendants conspiring not to timely file the plaintiff's appeal, solely to cause him to do extra time in prison, and on supervision to support the false charges submitted by Sergio Vasquez and Travis Maggard.

45. **Third cause of action:** Equal protection violation 14th amendment and unlawful stop frisk of an Africa American based on his race

46. On or about July 17, 2024, defendant Maggard was called to 901 Cedar Avenue to respond to a 911 hang up call. Maggard after arriving to the designated area, then left going around to a different area where he witnessed 10-15 Black African American men video recording **("Michael Hill/ Allthat Gambino") and an artist named (Pyrex Pat)** were videoing for songs. The defendant Travis Maggard ignored all the other individuals that were present similarly situated to the plaintiffs, especially all white people who the call had been to for to come help a white man who had passed out, still he broke up plaintiff's video session singling him out as a target.

47. Defendant Maggard exercised indifference by driving in his patrol vehicle directly to plaintiff's group solely because they were Black men as he stated himself, that was at the end of 9th street in the 700-block alley video recording.

48. Defendant Maggard swore that when he exited his vehicle, he was 30-to-40 yards away from the plaintiff's group which he had no legal business to confront and did so only because they were a group of black men.

49. Defendant Maggard confronted plaintiff's group going to each black person, ignoring the white and Latino forcing them to communicate with him by asking whether they had called 911 and hung up because they wanted help while the whole

time knowing who called, and that they actually called stating that a white man had passed out and needed help.

50. Defendant Ian Sitek arrived to the scene falsifying reports alleging that the plaintiff Michael Hill had run away from Maggard with a bottle of liquor in one hand, a cigarette in the other and a back pack over both shoulders, to which Sitek stated Hill was reaching into throwing drugs from. Body camera videos illustrate that Sitek lied and reported information he knew someone told him. That was not true, and he did so, with the sole purpose of false arresting, charging, and incarcerating the plaintiff.

51. Maggard exercised indifference where he jumped on Mr. Hill with the help of defendants Maria Faso, Sitek and firemen who put their knees on the plaintiff's neck to cut off his circulation and apply pain, searched his body, pockets, and went into his front and back pockets taken his property without any probable cause. The defendants did this, although Maggard indicated that no call came identifying Mr. Hill, that n crime had been committed in the area.

52. As a result of the defendants actions the plaintiffs suffered illegal stop frisk search solely because he and his group was black, he had the defendant digging in his pockets taken out his property, rubbing on his body as to search him, he had a knee placed upon his neck like done to George Floyd cutting off

circulation and causing pain, he was detained charged and arrested unlawfully with the defendants violating his 4th amendment right during a Terry Stop because of the plaintiff's race.

53. **Fourth cause of action:** **Excessive force, assault & battery in violation of the 8th & 14th amendment**

54. Defendants Maggard, Faso, Ligammari, Dusher, Vasquez, Bailey and Gillis exercised indifference by assaulting Mr. Hill by using force to falsely arrest him because he was amongst a group of African American men allegedly drinking alcohol from an open bottle. (See, Maggard parole testimony).

55. Defendants Maggard, Faso, and john doe firemen punched Mr. Hill in the face, grabbed him up, ripped his clothes, broke his eyeglasses and threw him to the ground putting their full weight upon his back and knees on his neck complicating his breathing causing extreme pain. (See, body camera videos).and, defendant took the plaintiffs Pittman and Hill house keys never returning them.

56. Defendants Ligammari, Dusher, Grzeskowiak, Poulos acted involved and condoned the assault by refusing to obtain medical treatment and pain medication for the plaintiff, and all did attempt to cover up the assault by false reporting and encouraging Faso and Maggard's actions—as well as alleging

that Hill was lying about the assault and they did destroy evidence in the form of Maggard's body camera video footage.

57. As a result of the defendant's actions Mr. Hill was assaulted and suffered being punched in the face, a knee being placed on his neck complicating his breathing and the reaggravation of injuries to neck, shoulders, back with no treatment or medicine being provided.

58. **Fifth cause of action:** Denial of right to a fair trial in violation of the 1st,5th,6th and 14th amendments

59. Defendants Maggard, Faso, Vasquez, Montesano, Heary, and Vitello did exercise indifference by filing false criminal charges and pursuing them in criminal court and parole revocation hearings.

60. Vasquez, Maggard, Montesano, Heary and Vitello denied the plaintiff of his right to a fair trial where they deliberately filed and prosecuted false criminal charges alleging that Mr. Hill possessed fentanyl drugs, possessed an open bottle of liquor, obstructed governmental administration to which all charges were dismissed in Niagara Falls city court by judge Jason Cafarella with prejudice to never be refiled, to which the defendants did pursue the dismissed charges both in criminal court and at the parole revocation hearing.

61. As a result of the defendants' actions, the plaintiffs suffered the denial of a right to a fair trial, and having to stand in criminal court upon charges known to be false and supported by perjured information.

62. **<u>Sixth cause of action:</u> Libel/slander in violation of 1st & 14th amendments**

63. Defendants Heary, Vitello, Gillis, Montesano, Sitek, Faso, Maggard, Dusher, Grzeskowiak, Ligammari, Vasquez and Poulos did slander the plaintiffs by falsely charging Mr. Hill with possessing narcotic drugs, being in public with an open bottle of alcohol and obstructing governmental administration to which these charges were dismissed with prejudice.

64. Defendants Heary, Gillis, Vitello, Maggard, Poulos, Grzeskowiak, Ligammari, Faso, Vasquez, Montesano, Gillis, and Sitek deliberately slandered Mr. Hill's reputation by filing false charges, and reporting this information through the news and social media to the public telling the community that he had possessed drugs, drunk alcohol in public, obstructed governmental administration as well as that Mr. Hill was incompetent with a 72 i.q. and could not rightly represent himself against the false allegations.

65. Defendant Vitello exercised indifference where she slandered Mr. Hill telling the public that she believed he had lied about there being a conflict of interest with the public

defender's office and the conflict attorney's office and that he was unable to represent himself.

66. As a result of the defendants actions the plaintiff suffered slander being perpetuated against him, which was placed in records of multiple government agencies that used said information to access plaintiff and place him in housing units at their jails, and to prevent attorneys from taken his case unless assigned by the court itself. As well as causing the public who was dealing with the plaintiff in contracts for record deals, podcasting agents and others to not deal with him.

67. **Seventh cause of action: Cross-complaint policy by city of Niagara Falls New York, County assistant district attorney violation of 14th amendment**

68. Defendants Poulos, Sitek, Ligammari, Grzeskowiak, Dusher and city and county defendants did refuse to allow the plaintiffs Michael Hill, Karen Pittman, and Eddie Pugh to file criminal charges as citizens against parties who assaulted Mr. Hill, Stole his house keys, planted drugs upon him, broke his eyeglasses and placed their knees on his neck to prevent breathing.

69. The defendants Dusher, Ligammari, Grzeskowiak and Poulos created and acted upon a discriminative policy concerning the filing, processing and taking ministerial duties in regard to their citizen complaints.

70. Defendants Dusher, Ligammari, Grzeskowiak, Poulos, City of Niagara Falls and County of Niagara knowingly and willingly exercised indifference towards Mr. Hill by promulgating a policy stating inter alia the police are directed not to entertain any complaint that is submitted against a police officer who has committed a crime against a citizen filed by a citizen as well as a second complaint is directed not to be entertained. See, Donatello v. Cnty of Niagara, 2016 U.S. Dist. Lexis 71951.

71. Defendant Poulos was aware that the initial complaint filed by Maggard and Faso was a false document through the testimony of Maggard and Faso at the plaintiff's final parole revocation hearing. As well as evidence in the form of video footage and officer reports.

72. Defendants Poulos, Grzeskowiak, Ligammari as City and County investigators were fully aware from the contents of the plaintiff's cross-complaint, that the initial complaint submitted by Maggard and Faso was a false perjured instrument, but they still pursued it and ignored the plaintiff's complaint alleging that a citizen could not file a felony complaint against public officers who committed crimes against them. See, Myers v. Cnty of Orange, 1997 U.S. Dist. Lexis 23122.

73. For the above stated reason(s) the defendants Poulos, Grzeskowiak, Ligammari, Dusher and the city of Niagara Falls and county of Niagara acts of failing to file, process and

perform administerial duties with the plaintiff's cross-complaint because Mr. Hill is a black African American, and instead filing false reports and making false statements to discredit the plaintiff's complaint concerning the assault and false actions taken against him by defendants Maggard and Faso. See, Exhibit __.

74. Defendant Poulos, Ligammari and Dusher exercised discriminative animus where they had been given direct notice in 2022-2024 by the plaintiffs and other black citizens in the city of Niagara Falls that white police officers such as Travis Maggard were filing false criminal charges against several African American citizen in the city of Niagara Falls and assaulting them. Which is one of the direct reasons the defendants ignored plaintiffs' cross-complaint and pursued the false statements made by Maggard and Faso. See, Exhibit __.

72. Defendants Poulos, Grzeskowiak, Ligammari and Dusher did consider the cross-complaint or the evidence the plaintiffs tried to provide to them, so that they would have had the ability to make an inform decision of whether the crime Maggard and Faso reported existed solely upon lies, and that the defendants did assault Mr. Hill in the presence of a number of witnesses.

73. Defendants Poulos, Grzeskowiak, Ligammari and Dusher acted with criminal recklessness by displaying racism towards the plaintiffs where they treated them difference from similarly

situated white people who complained. The defendants were not acting in a prosecutorial capacity, but, instead, were acting in the role of police officers required to process, file, investigate and perform administerial duties with citizen complaints pursuant to CPL 1.20 (17), 100.15, and by the defendants refusal to file, process and/or take any actions upon plaintiffs complaints as a result of their policies, customs and pervasive practices of handling any complaint or cross-complaint reported by an African American complaining that felony offenses transpired against them. See, People v. Vladik, 145 Misc.2d 594.

74. As a result of the defendants' actions the plaintiffs suffered the defendants Poulos, Grzeskowiak, Ligammari and dusher falsifying charges and not processing, filing or performing administerial duties with citizen complaints filed by them. And they suffered the defendants' actions of taken cut

backs on cost, limiting workloads, refusing to investigate, and other general responsibilities by the creation of their blanket policy to not process, file and/or investigate plaintiffs' citizen complaints.

75. **Eighth cause of action:** Retaliation for filing lawsuits, citizen complaints and grievances in violation of the 1st & 14th Amendments.

76. Defendants Vasquez, Gillis, Bailey, Montesano, Maggard, Vitello and Heary exercised indifference where they knowingly and willingly acted against the law of united states to punish plaintiff based on grievances filed by Michael hill and citizen complaints. They defendants did assault the plaintiff and arrest hm on September 3,2024, placing him under ankle monitor supervision beyond 6 months knowing they could only keep him under such status for 60 days prior to requesting a renewal. The following day, the defendants made the plaintiff Michael Hill walk home from the Niagara County Jail to Niagara Falls New York given him only 4 hours to make under the threat of being violated and placed back into Doccs custody for his failure.

77. Defendants Vasquez, Bailey, Gillis, Montesano, Heary, Poulos, Maggard, and Filicetti exercised retaliative indifference – where the defendants received several complaints and grievances filed by the plaintiff and did comment upon each and every one of them acknowledging verbal grievances submitted by Ms. Pittman, Pugh and Hill to which as a result of those grievances and complaints the defendants arrested Mr. Hill and assaulted him.

78. The defendants broke down the plaintiff Karen Pittman's front door to her house, invading it to arrest Mr. Hill although having no legal warrant to do so. See, Video footage exhibit __.

79. Defendant Vitello did exercise retaliative animus where she directed court officer to confront the plaintiff in a forceful threatening manner raising his hands to hit him in the courtroom, and she did refuse to recognize that the plaintiff had a constitutional right to represent him, and all her actions were taken without jurisdiction to preside over the criminal actions to which she had given her notice of retirement, but stay on the case to retaliate against Mr. Hill to deny him the access of the court and have court officer threaten to hurt him if he did not plead guilty to the false charges.

80. The criminal charges were dismissed with prejudice, and a conflict of interest was found to exist between the plaintiff and public defender's office and conflict attorney's office in spite of vitello indications that she did not believe the plaintiff was telling the truth that a conflict of interest existed and her actions of kicking him out of the courtroom during proceedings on a number of occasions denying him access to the court without any irrational reason other than to support the officers who plaintiff filed complaints against and was complaining had filed false charges against him.

81. Defendants Vasquez, Gillis, Montesano, Heary, Bailey, and Maggard all filed false reports and arrested the plaintiff on (3) occasions based on the same false misdemeanor criminal charges which alleged he possessed controlled substance in the

form of .15 grams of Para-fluoro fentanyl, the defendants held plaintiff on a an ankle monitor for 9 months  though the time limit is 60 days, and the charges Possession of narcotics, Obstruction of governmental administration and possessing and drinking from an open bottle of alcohol were dismissed with prejudice.

82. Defendants Poulos, Heary, Vitello, Montesano, Gillis, Vasquez, Felicetti and Basinski exercised indifference towards the plaintiff's health and safety and constitutional rights by collaborating with each other to have Mr. Hill arrested falsely, confined falsely in the Niagara County Jail and Elmira Correctional Facility under the support of an expired parole warrant dated September 3, 2024, although the forced their way into the plaintiff's home to arrest him on March 31, 2025.

83. As a result of the defendants actions the plaintiff was retaliated against causing him to walk from Niagara county jail to Niagara Falls New York within 4 hours facing confinement if he did not make it, he suffered being assaulted when arrested on 3 separate occasions, and the defendants breaking down the front door of the plaintiff's home without a valid warrant to do so. The plaintiff's suffered Amber Poulos' actions of sending Maggard to the plaintiff's home to break down the door to

arrest him despite him being a witness against the plaintiff based upon the false charges he had filed.

## V. Relief sought:

84. **Wherefore,** Michael J. Hill, Karen Pittman and Eddie Pugh humbly pray that judgment be entered in their favor as follows:

85. Declaratory judgment based upon the acts and omissions described herein that violated rights under the constitution and laws of the United States. Mr. Hill, Pittman, and Pugh have no plain, adequate or complete remedy at law to redress the wrongs described herein. They have been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive reliefs which the plaintiffs seek.

86. **Preliminary and permanent injunction**

(a) County parties be enforced to practice non-discriminative policies directing specific procedures which regulate Niagara County "Must" train and supervise police law enforcement and other personnels to fully process, file and conduct administrative duties with citizen complaints and cross-complaints submitted by African American Citizens against police officer, parole officers and other citizens who file false charges.

(b) The City of Niagara Falls shall train and supervise its employees prohibiting them from making false statements in writing orally to punish citizens as stated in law and the constitution.

86. Compensatory damages against each defendant jointly and separately in the amount that equals: $ 3,000,000.00

87. Punitive damages against each defendant jointly and separately in the amount that equals: $5,000,000.00

88. The plaintiffs seeks the court grant costs for the service, and to hire an expert witness to testify to the City and County practices and policies, and any other expenses the court may deem just and proper.

## VII. Verification:

The plaintiffs Michael J. Hill, Karen Pittman and Eddie Pugh being duly sworn verifies that they have fully read the contents of this complaint and know the facts stated therein to be true and exact, and as to anything stated upon information and belief, they know those things to be true and accurate as well.

Dated: Jan 14 2026

Michael J. Hill

_Karen Pittman_

**Karen Pittman**

_____

**Eddie James Pugh**